**UNITED STATES of America, Appellee,**

v.

**Louis SMITH, Joseph Milo and Dennis Paul Cappiello, Appellants.**

**No. 578, Docket 31606.**

United States Court of Appeals Second Circuit.

Submitted June 21, 1968.

Decided Jan. 22, 1969.

Anthony F. Marra, Phylis Skloot Bamberger, New York City, for appellants.

Leonard M. Marks, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, John R. Wing, Pierre N. Leval, Asst. U. S. Attys., of counsel), for appellee.

Before WATERMAN, FRIENDLY and KAUFMAN, Circuit Judges.

PER CURIAM:

The appellants seek reversal of judgment of the District Court for the Southern District of New York, Bonsal, J., convicting each of them, after a jury

verdict, of forging and uttering United States Savings Bonds in violation of 18 U.S.C. § 495 and § 2 and in violation of 18 U.S.C. § 371 for conspiring to violate 18 U.S.C. § 495 by forging and uttering the bonds.

Patrolling police officers of Ossining, New York, after receiving radio instructions to watch for a car in which appellants were traveling, overtook the car and suggested to appellants that they drive to Ossining police headquarters. Appellants were given instructions as to the route to take to headquarters and they were followed there by the officers in the patrol car.

After police questioning, they were held for the crimes for which they were subsequently convicted.

Appellant Cappiello who was the driver of the car contends that there was insufficient evidence presented at the trial to permit the jury to convict him of either the substantive crimes or the alleged conspiracy. Appellants Milo and Smith contend that it was prejudicial error for the trial court to permit into evidence a forged Board of Elections card and a forged New York State driver's license dropped by appellant Smith before entering the police station.

After the appeals were argued, we entered the following order:

"Without now passing on any of the arguments made by the government in support of the admission of the Board of Elections card and the New York State driver's license dropped by apellant Smith before entering the police station, we believe the interests of justice would be served by Judge Bonsal's promptly conducting an evidentiary hearing which will clarify whether Smith was then under arrest and will also examine whether the police had probable cause for arrest." 1967 Term, Slipsheet p. 2171 (May 8, 1968).

 Pursuant to this order, an evidentiary hearing was conducted and Judge Bonsal certified to us his findings. He found that there was probable cause to arrest appellants when Smith discarded the card and the driver's license, but the appellants were not then under arrest. We accept these findings and therefore hold that these discarded items picked up by the police were not illegally seized and were properly introduced as evidence against Smith and Milo at appellants' trial.

 Appellant Cappiello's claim that there was insufficient evidence presented to permit the jury to convict him of the substantive crimes and, as well, of the conspiracy, is without merit. After a complete examination and review of the record, we hold that there was sufficient circumstantial and direct evidence presented to send the case to the jury and to warrant the verdict of guilty.

The convictions below are affirmed.